# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ARMANDO OCON-MARIN, ) ) | |
| Movant, ) ) | Civil No. 11-06053-CV-SJ-DGK |
| v. ) ) | |
| UNITED STATES OF AMERICA, ) ) | |
| Respondent. ) | |

## ORDER DENYING MOVANT'S MOTION TO CORRECT SENTENCE

Pending before the Court is Movant Armando Ocon-Marin's *pro se* Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court has carefully reviewed this Motion and the Government's Response, and for the reasons discussed below, this Motion is DENIED.

**Background**

On September 8, 2010, the Western District of Missouri returned a one-count indictment against Armando Ocon-Marin for illegal re-entry by an alien previously convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). At Movant's initial appearance on September 14, 2010, Magistrate Judge John Maughmer found that Ocon-Marin qualified for appointment of counsel and appointed Robert G. Kuchar, an Assistant Federal Public Defender, to represent him (Crim. Doc. 4).[1]

On December 2, 2010, Movant appeared before this Court and pled guilty to the sole count of the indictment without entering into a plea agreement with the Government (Crim. Doc. 17). During the hearing, Ocon-Marin stated that he had not been promised anything in return for his plea of guilty and that he was pleading guilty because he had committed the charged offense.

---
[1] The Court cites the related criminal case, 10-06020-01-CR-SJ-DGK, as Crim Doc. __.

At that time, he also acknowledged that he was under oath and answered several questions regarding his attorney, noting that Mr. Kuchar had spent sufficient time talking with him about his case, plea, options, and his defenses, and that he did not have complaints about his representation. *Id*. Movant also stated that his attorney had discussed the Sentencing Guidelines with him and indicated that he understood that it was within the Court's authority to decide how the Guidelines apply. *Id*. This Court then accepted Movant's guilty plea.

After Movant's guilty plea, the United States Probation Office prepared a presentence investigation report (PSR) recommending a Sentencing Guideline range between 57 and 71 months imprisonment. Movant did not object to this Guideline calculation. Prior to his sentencing, however, Ocon-Marin wrote a letter to the Court voicing his dissatisfaction with his attorney.

The Court addressed Movant's letter during his May 10, 2010 sentencing hearing, at which time Movant stated that the complaints in his letter arose from two meetings with Mr. Kuchar in which Mr. Kuchar did not provide an interpreter and Ocon-Marin found it difficult to understand. At the hearing, Ocon-Marin stated that the complaints in his letter had been resolved, that he was satisfied with Mr. Kuchar's representation, and that he did not have any complaints about Mr. Kuchar (Crim. Doc. 27). Mr. Kuchar stated that "every aspect of the discovery, the decision making, [and] guilty plea [had] been discussed with [Ocon-Marin] thoroughly through an interpreter" and that the "PSI was read entirely from English to Spanish." *Id*. Mr. Kuchar then recommended a sentence of 57 months, which the Court adopted (Crim. Docs. 21-22).

Movant did not appeal his sentence, claiming that "[c]ounsel advised that this was not allowed since the movant had plead guilty." On June 20, 2011, Movant filed the pending Motion

2

to vacate, set aside, or correct sentence by a person in federal custody, citing ineffective assistance of counsel as his sole ground for relief. Specifically, Movant alleges that: (1) counsel failed to have a translator present during pre-trial meetings; (2) counsel failed to provide Movant with translated copies of his indictment or pre-sentence investigation; and (3) counsel promised that if Movant pled guilty he would receive only 36 months imprisonment (Doc. 1). In an affidavit from counsel regarding his representation of Ocon-Marin, Mr. Kuchar stated:

> Counsel met with Movant on numerous occasions. During five separate conversations, three which took place at St. Clair County Jail, and two which occurred at the Federal Courthouse, a translator was present. These conversations were all translated from English to Spanish. During these conversations the indictment and pre-sentence report [were] read to Movant in Spanish. At no time did Counsel promise Movant any type of sentence.

(Doc. 11, Ex. 1).

Mr. Kuchar also notes that "Counsel never advised Movant that an appeal was not allowed." *Id*.

### Standard

Title 28, section 2255 allows a district court to "vacate, set aside or correct [a] sentence" which "the court was without jurisdiction to impose . . . or . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Movants are entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.* at 2255(b).

The Sixth Amendment right to counsel entitles a criminal defendant to effective assistance of counsel. In *Strickland v. Washington,* the Supreme Court laid out a two-part test for deciding a claim of ineffective assistance of counsel. 466 U.S. 668 (1984). In order to succeed on a claim of ineffective assistance of counsel, a prisoner must first show that "counsel's performance was deficient…[meaning] that counsel made errors so serious the counsel was not

3

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense . . . [meaning] that counsel's errors were so serious as to deprive the defendant of a fair trial . . . ."  *Id.* at 687.

## Discussion

**A. Ocon-Marin fails to allege facts sufficient to support a claim for ineffective assistance of counsel.**

Movant's first and only ground for relief is ineffective assistance of counsel.  To support a claim of constitutionally ineffective assistance of counsel, a movant must demonstrate that (1) his counsel's performance was deficient and (2) he was prejudiced by the deficient performance.  *Strickland*, 466 U.S. at 687.

To satisfy the first prong, a movant must show that counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances."  *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996).  A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010), quoting *Strickland*, 466 U.S. at 689.

To satisfy the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Because the alleged deficient performance involves a plea process, Ocon-Marin must prove that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  This prejudice inquiry also often involves the court

4

assessing whether correcting the error would have resulted in a different outcome at a subsequent trial. *Hill*, 474 U.S. at 59-60.

Ocon-Marin alleges that his counsel was ineffective for the following reasons: (1) counsel failed to have a translator present during pre-trial meetings; (2) counsel failed to provide translated copies of the indictment and PSR; and (3) counsel promised Ocon-Marin a sentence of 36 months imprisonment if he plead guilty. The record demonstrates that Ocon-Marin's attorney did not perform "below an objective standard of reasonableness" with regard to any of these alleged deficiencies, and even if this Court found that he did, Ocon-Marin cannot prove that there is a reasonable probability that but for these errors he would have proceeded to trial.

**1. Counsel's performance was not constitutionally deficient.**

Ocon-Marin's three reasons for alleging ineffective assistance of counsel are all contradicted by his own statements under oath at his pleading and subsequent sentencing. These statements are important considerations in evaluating his claim and "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Here, Ocon-Marin alleges that Mr. Kuchar promised him a sentence of 36 months imprisonment in exchange for a guilty plea. However, when asked by the Court whether anyone had made him any promises to induce his guilty plea, the Movant responded no. Ocon-Marin also alleges that counsel was deficient in failing to provide him with a translator during his pre-trial meetings and failing to provide translated copies of his indictment. However, at his sentencing, Ocon-Marin informed the Court that any communication disputes had been resolved with his attorney and that he was satisfied with his representation. He also testified that he understood the plea agreement and the Court's discretion in imposing his sentence.

5

Mr. Kuchar's statements on the record and affidavit also support the Court's conclusion that his representation was not constitutionally deficient. During the sentencing hearing, for example, Mr. Kuchar explained to the Court the nature of his conflict with Ocon-Marin and discussed how it was resolved. Mr. Kuchar also acknowledged that he did meet once with Ocon-Marin without an interpreter present but that every aspect of the case, including the indictment and the PSR had been read to Ocon-Marin and discussed with him in Spanish. In addition, Mr. Kuchar provided an affidavit noting that he had five meetings with Ocon-Marin where a translator was present and confirming that the indictment and the PSR were read to Ocon-Marin in Spanish.

Mr. Kuchar's in-court statements reinforce his position that he adequately represented Ocon-Marin and explained the indictment, plea agreement, and sentencing procedure fully to him. During Ocon-Marin's sentencing hearing, for instance, Mr. Kuchar explained that he had discussed the Sentencing Guidelines with his client and stated in open court that they had decided that the best way to proceed was to request a sentence of 57 months at the low end of the Guideline range. While Ocon-Marin now maintains that he was promised a lower sentence, no mention of this was made during his sentencing; his only comment at that time was that he wished to be returned to his country. The Court made a clear record during the hearing that it would ultimately decide Ocon-Marin's sentence, and Ocon-Marin openly acknowledged his understanding of that fact.

**2. Ocon-Marin suffered no prejudice in pleading guilty.**

Even if the Court were to find Mr. Kuchar's representation constitutionally deficient, Ocon-Marin cannot meet the burden of establishing that but for counsel's errors, he would not have pled guilty and would have proceeded to trial. First, Ocon-Marin cannot prove that the

6

benefits of proceeding to trial would have outweighed the costs. Ocon-Marin pled guilty well in advance of trial and received a three-level reduction for early acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a Sentencing Guideline range of 57 to 71 months. Had he proceeded to trial and been convicted, however, his Guidelines range would have been 77 to 97 months. In addition, Ocon-Marin has not advanced any argument that proceeding to trial would have likely have resulted in an acquittal. The government's evidence in this case included certified records and Ocon-Marin's own post-Miranda confession. Given this overwhelming evidence in the government's favor, Ocon-Marin has not provided the Court with any evidence that a rational defendant in his position would have instead chosen to proceed to trial and forego the substantial reduction in the Sentencing Guidelines range.

**B. Ocon-Marin failed to allege any ground for relief, and, therefore, no evidentiary hearing is required.**

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) ("A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (internal quotation marks omitted)).

7

Because here, Ocon-Marin's allegations cannot be accepted as true because they are contradicted by the record, he is not entitled to an evidentiary hearing on this motion.

### C. The Court declines to issue a certificate of appealabiltiy.

Ocon-Marin can appeal this Court's decision to the Eighth Circuit Court of Appeals only if this Court issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). Because Ocon-Marin cannot make a substantial showing of a denial of a constitutional right or raise a debatable issue among reasonable jurists, this Court also declines to issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### Conclusion

Ocon-Marin's claims that he was given ineffective assistance of counsel are contradicted by the evidence in this case. Movant was questioned by this Court and stated that he had reviewed the plea agreement and understood its terms. Ocon-Marin also informed the Court that any communication disputes had been resolved with his attorney and that he was satisfied with his representation. Additionally, he testified that he fully understood that it was within the Court's discretion to determine his sentence. Accordingly, Movant's motion is DENIED. A hearing is not warranted because the record conclusively shows that Movant is not entitled to any relief. Finally, a certificate of appealability shall not issue.

**IT IS SO ORDERED.**

Dated: February 15, 2012         /s/ Greg Kays
                                 GREG KAYS
                                 UNITED STATES DISTRICT JUDGE